UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY L. CLEMENS,  )<br>  )<br>Plaintiff,  )<br>  )  Civil Action No.<br>v.  )  20-12083-FDS<br>  )<br>MICHAEL J. O'HARA,  )<br>  )<br>Defendant.  )  | |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is the sixth action brought by plaintiff Jeffrey L. Clemens for events arising out of his arrest by the Town of Scituate Police Department on May 12, 2005.

The complaint asserts a single claim of malicious prosecution against defendant Michael J. O'Hara, a Scituate police officer. Jurisdiction is based on diversity of citizenship.

**I.    Background**

Jeffrey Clemens was arrested for disorderly conduct by officer Michael J. O'Hara on May 12, 2005. (Complaint ¶¶ 14-15). Approximately a week later, Clemens received a summons in the mail with the additional charges of criminal harassment and impersonating a private investigator. (*Id.* ¶ 36).

The criminal harassment charge was dismissed by the Hingham District Court on October 16, 2008. (*Id.* ¶ 41). Clemens pleaded to sufficient facts and received a continued without a finding ("CWOF") disposition on the charge of impersonating a private investigator. (*Id.* ¶ 42). He went to trial in the Hingham District Court on the charge of disorderly conduct and was

found guilty.  (*Id.* ¶ 62).

Clemens appealed the guilty finding.  On July 6, 2010, the Massachusetts Appeals Court overturned his conviction.  (*Id.* ¶ 150).

The charge of disorderly conduct was refiled by the Commonwealth of Massachusetts in Hingham District Court.  (*Id.* ¶ 152).  It was later dismissed by the District Court on June 16, 2015.  (*Id.* ¶ 154).

## II.     Analysis

To establish a claim of common-law malicious prosecution, a plaintiff must show (1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding in favor of the accused; (3) an absence of probable cause for the charges; and (4) actual malice.  *Nieves v. McSweeney*, 241 F.3d 46, 53 (1st Cir. 2001).

Here, Clemens was found guilty in state court of disorderly conduct and pleaded to sufficient facts on the charge of impersonating a private investigator and received a CWOF.  The fact that he was found guilty of disorderly conduct precludes his recovery under 42 U.S.C. § 1983 for malicious prosecution under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The fact that the disorderly-conduct conviction was overturned on appeal does not mandate a different result.  In *Broussard v. Great Atlantic & Pacific Tea Co.*, 324 Mass. 323 (1949), the Supreme Judicial Court held that in an action of tort for malicious prosecution, "a conviction of the accused by a tribunal to which the complaint was made, although reversed on appeal, conclusively establishes the existence of probable cause unless the conviction 'was obtained solely by false testimony of the defendant [charged with malicious prosecution] or is impeached on the grounds of fraud, conspiracy or subordination in its procurement.'"  324 Mass.

at 324 (quoting *Dunn v. E.E. Gray Co.*, 254 Mass. 202, 202-04 (1926) (brackets in original)). *See Ramos v. Gallo*, 596 F. Supp. 833 (D. Mass. 1984).

Furthermore, and in any event, as to the charge concerning impersonating a private investigator, Clemens admitted in open court to facts sufficient to establish a crime. The doctrine of judicial estoppel prevents a litigant from pressing a claim that is directly inconsistent with a position taken by that litigant, and adopted by the court, in a prior legal proceeding. *Salcedo v. Town of Dudley*, 629 F. Supp. 2d 86, 102 (D. Mass. 2009).

### III.   Conclusion

For the foregoing reasons, the motion of defendant for judgment on the pleadings is GRANTED. This matter is hereby DISMISSED with prejudice.

**So Ordered.**

Dated: June 10, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court