UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY L. CLEMENS, | ) |
| Plaintiff, | ) Civil Action No. <br> ) 20-12083-FDS |
| v. | ) |
| MICHAEL J. O'HARA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR RECONSIDERATION

**SAYLOR, C.J.**

Plaintiff Jeffrey Clemens moved on June 21, 2021, for reconsideration of this Court's Order dated June 10, 2021, granting defendant Michael O'Hara's motion for judgment on the pleadings. A motion for reconsideration will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008). Clemens has not made such a showing. Instead, he repeats the arguments made in his initial opposition to O'Hara's motion—namely, that because his 2008 conviction was procured solely by the "false testimony" of O'Hara, his complaint adequately alleged the favorable termination prong of a malicious prosecution claim. (Pl. Mot. at 3). While *Broussard v. Great Atlantic & Pac. Tea Co.*, 324 Mass. 323, 326 (1949) does hold that a conviction obtained solely by false testimony of the defendant does not prevent a plaintiff from bringing a malicious prosecution claim, Clemens's complaint does not contain sufficient allegations to survive a motion on the pleadings. The complaint contains no information providing a plausible basis that the testimony

given by O'Hara at the 2008 trial was false. It merely asserts, in conclusory terms, that "O'Hara's testimony at [the] trial was almost entirely a fabrication." (Compl. ¶ 59). The complaint therefore does not plead sufficient "factual content" for the malicious prosecution claim to be plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, that "bare assertion[] . . . amount[s] to nothing more than a formulaic recitation of the elements of a . . . tort, and [is] insufficient to push . . . plaintiff['s] claim beyond the pleadings stage." *Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. at 681). The complaint's well-pleaded facts therefore do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera*, 521 F.3d at 84.

Accordingly, the motion for reconsideration is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: June 22, 2021                  Chief Judge, United States District Court